ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 MAY 15  PM 3:31

DEPUTY CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:18-CR-406-K |
| v. | **(Supersedes indictment returned January 8, 2019)** |
| DANIEL JENKINS (01)<br>DARYL HENRY (03) | **FILED UNDER SEAL** |

## <u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

<u>Count One</u>
Conspiracy to Commit Hate Crimes, Kidnapping, and Carjacking
(In violation of 18 U.S.C. § 371)

<u>Introduction</u>

1. John Doe 1 was a 57 year-old male.  John Doe 2 was a 20 year-old male.  John Doe 3 was a 19 year-old male.  John Doe 4 was a 19 year-old male.  John Doe 5 was a 29 year-old male.  John Doe 6 was a 37 year-old male.  John Doe 7 was a 20 year-old male.  John Doe 8 was a 23 year-old male.  John Doe 9 was a 27 year-old male.

2. In December of 2017, John Does 1 through 9 used Grindr.

3. Grindr was a cellular telephone application that called itself "the World's Largest Social Networking App for Gay, Bi, Trans, and Queer People."

4. At all times relevant to this offense, Apartment #186 was a vacant apartment at the Solana Ridge Apartment Complex in Dallas, Texas.

The Charge

Beginning in or around the first week of December 2017, and continuing thereafter up to and including December 12, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, did knowingly and willfully combine, conspire, and agree with each other, and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, as charged in the remaining counts of the indictment and incorporated herein:

a.  to willfully cause bodily injury to, and through the use of a firearm and dangerous weapon attempt to cause bodily injury to, any person because of the actual and perceived sexual orientation of any person, and use a channel, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in committing and in furtherance of the commission of the offense, in connection with the conduct described herein, in violation of 18 U.S.C. § 249(a)(2);

b.  to unlawfully and willfully seize, confine, kidnap, inveigle, decoy, abduct, or carry away and hold for ransom and reward and otherwise, and use a means, facility, and instrumentality of interstate and foreign commerce, to wit, a cellular telephone, a cellular telephone application ("app"), and the internet, in committing and in furtherance of the commission of the offense, in violation of 18 U.S.C. § 1201(a)(1);  and

c.  with the intent to cause death or serious bodily harm, to intentionally take, and attempt to take, from the person and presence of another, by force and violence

and by intimidation, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, in violation of 18 U.S.C. § 2119.

## Plan and Purpose of the Conspiracy

The plan and purpose of the conspiracy was to use Grindr, a dating app, to create fake profiles and pose as gay men interested in "dates" to lure gay men to the Solana Ridge Apartment Complex and areas in and around Dallas, Texas in order to commit violent crimes against them, including kidnapping, assault, robbery, and carjacking. It was also the plan and purpose of the conspiracy to force the victims at gunpoint to relinquish their possessions, including, but not limited to, their wallets, money, car keys, cars, drivers' licenses and identification cards, credit and debit cards, and cellular telephones.

## Overt Acts

In furtherance of the conspiracy, and to accomplish the objects thereof, members of the conspiracy committed, and caused to be committed, the following overt acts, among others, within the Northern District of Texas:

1. On or about December 6, 2017, at least one member of the conspiracy used Grindr to lure John Doe 8 to the Solana Ridge Apartments in Dallas, Texas.

2. On or about December 6, 2017, **Daniel Jenkins** and at least one other member of the conspiracy held John Doe 8 at gunpoint inside of an apartment at the Solana Ridge Apartments in Dallas, Texas.

3. On or about December 6, 2017, at least one member of the conspiracy pointed a handgun at John Doe 8, and demanded his property.

4.      On or about December 6, 2017, at least one member of the conspiracy took possession of John Doe 8's cellular telephone.

5.      On or about December 7, 2017, at least one member of the conspiracy used a Grindr account with a profile picture of John Doe 8 to lure John Doe 9 to the Solana Ridge Apartments in Dallas, Texas.

6.      On or about December 7, 2017, at least one member of the conspiracy pointed a handgun at John Doe 9, and demanded his property.

7.      On or about December 7, 2017, at least one member of the conspiracy forced John Doe 9 at gunpoint to drive to a local ATM.

8.      On or about December 7, 2017, at least one member of the conspiracy used Grindr to lure John Doe 1 to the Solana Ridge Apartments in Dallas, Texas.

9.      On or about December 7, 2017, a member of the conspiracy pointed a handgun at John Doe 1, and demanded his property.

10.     On or about December 8, 2017, at least one member of the conspiracy used Grindr to lure John Doe 2, to the Solana Ridge Apartments in Dallas, Texas.

11.     On or about December 8, 2017, a member of the conspiracy pointed a gun at John Doe 2, and demanded his property.

12.     On or about December 8, 2017, a member of the conspiracy hit John Doe 2 in the head with an object.

13.     On or about December 11, 2017, at least one member of the conspiracy used Grindr to lure men to areas in and around Dallas, Texas, including the Solana Ridge Apartments.

14. On or about December 11, 2017, **Daniel Jenkins** met men at their cars and invited them into Apartment #186.

15. On or about December 11, 2017, **Daniel Jenkins** pointed a handgun toward at least one man inside of Apartment #186.

16. On or about December 11, 2017, **Daniel Jenkins** used force and threats of force to hold at least one man inside of Apartment #186.

17. On or about December 11, 2017, **Daryl Henry** used force and threats of force to hold at least one man inside of Apartment #186.

18. On or about December 11, 2017, at least one member of the conspiracy physically assaulted John Doe 3 inside Apartment #186.

19. On or about December 11, 2017, at least one member of the conspiracy sexually assaulted John Doe 3.

20. On or about December 11, 2017, **Daniel Jenkins** physically assaulted John Doe 4 and called John Doe 4 gay slurs inside Apartment #186.

21. On or about December 11, 2017, at least one member of the conspiracy pointed a handgun at John Doe 4.

22. On or about December 11, 2017, at least one member of the conspiracy took John Doe 4's property.

23. On or about December 11, 2017, at least one member of the conspiracy used an object to sexually assault John Doe 4.

24. On or about December 11, 2017, at least one member of the conspiracy physically assaulted John Doe 5 inside Apartment #186.

25.  On or about December 11, 2017, at least one member of the conspiracy sexually assaulted John Doe 5.

26.  On or about December 11, 2017, **Daniel Jenkins** physically assaulted John Doe 6 and called John Doe 6 gay slurs inside Apartment #186.

27.  On or about December 11, 2017, at least one member of the conspiracy urinated and wiped human feces on at least one John Doe.

All in violation of 18 U.S.C. § 371.

<u>Count Two</u>
Hate Crime Acts; Aiding and Abetting
(In violation of 18 U.S.C. §§ 249(a)(2) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did willfully cause bodily injury to John Doe 3, by assaulting John Doe 3, because of John Doe 3's actual and perceived sexual orientation. The offense included kidnapping, and **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did use a channel, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in connection with the conduct described herein.

All in violation of 18 U.S.C. §§ 249(a)(2) and 2.

Count Three
Hate Crime Acts; Aiding and Abetting
(In violation of 18 U.S.C. §§ 249(a)(2) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants,

**Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known

and unknown to the Grand Jury, did willfully cause bodily injury to John Doe 4, by

assaulting John Doe 4, because of John Doe 4's actual and perceived sexual orientation.

The offense included kidnapping, and **Daniel Jenkins** and **Daryl Henry**, aided and

abetted by each other and by others known and unknown to the Grand Jury, did use a

channel, facility, and instrumentality of interstate and foreign commerce, to-wit: a

cellular telephone, a cellular telephone application ("app"), and the internet, in

connection with the conduct described herein.

All in violation of 18 U.S.C. §§ 249(a)(2) and 2.

Count Four
Hate Crime Acts; Aiding and Abetting
(In violation of 18 U.S.C. §§ 249(a)(2) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did willfully cause bodily injury to John Doe 5, by assaulting John Doe 5, because of John Doe 5's actual and perceived sexual orientation. The offense included kidnapping, and **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did use a channel, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in connection with the conduct described herein.

All in violation of 18 U.S.C. §§ 249(a)(2) and 2.

Count Five
Hate Crime Acts; Aiding and Abetting
(In violation of 18 U.S.C. §§ 249(a)(2) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did willfully cause bodily injury to John Doe 6, by assaulting John Doe 6, because of John Doe 6's actual and perceived sexual orientation. The offense included kidnapping, and **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did use a channel, facility, or instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in connection with the conduct described herein.

All in violation of 18 U.S.C. §§ 249(a)(2) and 2.

<u>Count Six</u>
Kidnapping; Aiding and Abetting
(In violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants,

**Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known

and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle,

kidnap, abduct, and carry away and hold John Doe 3 for ransom and reward and

otherwise, and did use a means, facility, and instrumentality of interstate and foreign

commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the

internet, in committing and in furtherance of the commission of the offense.

All in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

Count Seven
Kidnapping; Aiding and Abetting
(In violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away and hold John Doe 4 for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in committing and in furtherance of the commission of the offense.

All in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

Count Eight
Kidnapping; Aiding and Abetting
(In violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away and hold John Doe 5 for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in committing and in furtherance of the commission of the offense.

All in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

<u>Count Nine</u>
Kidnapping; Aiding and Abetting
(In violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendants, **Daniel Jenkins** and **Daryl Henry**, aided and abetted by each other and by others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away and hold John Doe 6 for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in committing and in furtherance of the commission of the offense.

All in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

<u>Count Ten</u>
Kidnapping; Aiding and Abetting
(In violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendant, **Daniel Jenkins**, aided and abetted by others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away and hold John Doe 7 for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular telephone application ("app"), and the internet, in committing and in furtherance of the commission of the offense.

All in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

<u>Count Eleven</u>
Kidnapping; Aiding and Abetting
(In violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about December 6, 2017, in the Northern District of Texas, the defendant,

**Daniel Jenkins,** aided and abetted by others known and unknown to the Grand Jury, did

unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away and hold

John Doe 8 for ransom and reward and otherwise, and did use a means, facility, and

instrumentality of interstate and foreign commerce, to-wit: a cellular telephone, a cellular

telephone application ("app"), and the internet, in committing and in furtherance of the

commission of the offense.

All in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

<u>Count Twelve</u>
Carjacking; Aiding and Abetting
(In violation of 18 U.S.C. §§ 2119 and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendant, **Daniel Jenkins**, aided and abetted by others known and unknown to the Grand Jury, with the intent to cause death and serious bodily harm, did intentionally take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, to-wit: a 2017 Nissan Altima bearing a vehicle identification number (VIN) with the last four digits of 6642, from the person or presence of another, namely, John Doe 4, by force and violence and by intimidation.

All in violation of 18 U.S.C. §§ 2119 and 2.

Count Thirteen
Carjacking; Aiding and Abetting
(In violation of 18 U.S.C. §§ 2119 and 2)

On or about December 7, 2017, in the Northern District of Texas, the defendant,

**Daniel Jenkins,** aided and abetted by others known and unknown to the Grand Jury, with

the intent to cause death and serious bodily harm, did intentionally take a motor vehicle

that had been transported, shipped, and received in interstate and foreign commerce, to-

wit: a 2015 Nissan Sentra bearing a vehicle identification number (VIN) with the last four

digits of 1699, from the person or presence of another, namely, John Doe 9, by force and

violence and by intimidation.

All in violation of 18 U.S.C. §§ 2119 and 2.

Count Fourteen
Using, Carrying, and Brandishing a Firearm During and in Relation to, and
Possessing and Brandishing a Firearm in Furtherance of, a Crime of Violence;
Aiding and Abetting
(In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2)

On or about December 7, 2017, in the Northern District of Texas, the defendant,

**Daniel Jenkins**, aided and abetted by others known and unknown to the Grand Jury, did

knowingly use, carry, and brandish a firearm, to-wit: a handgun, during and in relation to

a crime of violence, to-wit: carjacking, in violation of 18 U.S.C. § 2119, as alleged in

Count Thirteen of this indictment, for which the defendant may be prosecuted in a court

of the United States, and the defendant, aided and abetted by others known and unknown

to the Grand Jury, did knowingly possess and brandish said firearm in furtherance of the

commission of this offense.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

Count Fifteen
Using, Carrying, and Brandishing a Firearm During and in Relation to, and
Possessing and Brandishing a Firearm in Furtherance of, a Crime of Violence;
Aiding and Abetting
(In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2)

On or about December 11, 2017, in the Northern District of Texas, the defendant,

**Daniel Jenkins**, aided and abetted by others known and unknown to the Grand Jury, did

knowingly use, carry, and brandish a firearm, to-wit: a handgun, during and in relation to

a crime of violence, to-wit: carjacking, in violation of 18 U.S.C. § 2119, as alleged in

Count Twelve of this indictment, for which the defendant may be prosecuted in a court of

the United States, and the defendant, aided and abetted by others known and unknown to

the Grand Jury, did knowingly possess and brandish said firearm in furtherance of the

commission of this offense.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

A TRUE BILL

_____
FOREPERSON


ERIN NEALY COX
UNITED STATES ATTORNEY


_____
ROSE E. GIBSON
KATHRYN E. GILBERT
Trial Attorneys
United States Department of Justice
Civil Rights Division, Criminal Section
601 D Street N.W., Unit 5134
Washington, D.C. 20004
Telephone: 202-598-7258
Email: rose.gibson@usdoj.gov


_____
NICOLE DANA
Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214-659-8694
Facsimile: 214-659-8805
Email: nicole.dana@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

DANIEL JENKINS (01)
DARYL HENRY (03)

SECOND SUPERSEDING INDICTMENT

18 U.S.C. § 371
Conspiracy to Commit Hate Crimes, Kidnapping, and Carjacking
(Count 1)

18 U.S.C. §§ 249(a)(2) and 2
Hate Crime Acts; Aiding and Abetting
(Counts 2-5)

18 U.S.C. §§ 1201(a)(1) and 2
Kidnapping; Aiding and Abetting
(Counts 6-11)

18 U.S.C. §§ 2119 and 2
Carjacking; Aiding and Abetting
(Counts 12-13)

18 U.S.C. §§ 924(c)(1)(A)(ii) and 2
Using, Carrying, and Brandishing a Firearm During and in Relation to, and
Possessing and Brandishing a Firearm in Furtherance of, a Crime of Violence;
Aiding and Abetting
(Counts 14 -15)

15 Counts

A true bill rendered

------------------------------------------------------------------------------------------

DALLAS                                                                    FOREPERSON

Filed in open court this _15_ day of May, 2019.

------------------------------------------------------------------------------------------

**Warrant to be Issued For DARYL HENRY**

------------------------------------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
Criminal Case Pending:  3:18-CR-00406-K