IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

DANIEL JENKINS

NO.  3:18-CR-406-K

### FACTUAL RESUME

In support of Daniel Jenkins' plea of guilty to the offenses in Counts ONE, FIVE, and FIFTEEN of the Superseding Indictment filed May 15, 2019 (hereinafter referred to as the Indictment), Jenkins, the defendant; Heath Hyde, the defendant's attorney; and the United States of America (hereinafter "the government") stipulate and agree to the following:

### ELEMENTS OF THE OFFENSES

To prove the offense alleged in Count ONE of the Indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Hate Crime Acts, Kidnapping, and Carjacking, the government must prove each of the following elements beyond a reasonable doubt:

*First.*   That the defendant and at least one other person made an agreement to commit an offense against the United States, to wit: Hate Crime Acts, Kidnapping, and Carjacking,[1] as charged in the Indictment;

---

[1] The elements of Hate Crime Acts are described below.  The elements of Kidnapping are:

| | |
|---|---|
| *First.* | That the defendant unlawfully and willfully seized, confined, inveigled, kidnapped, abducted, and carried away and held any person; |
| *Second.* | That the defendant held the person for some ransom, reward, or otherwise; and |
| *Third.* | That the defendant used a channel, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense. |

*Second.*     That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

*Third.*     That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish the purpose of the conspiracy.[2]

To prove the offense alleged in Count FIVE of the Indictment, charging a violation of 18 U.S.C. §§ 249(a)(2) and 2, that is, Hate Crime Acts, the government must prove each of the following elements beyond a reasonable doubt:

*First.*     That the defendant, aided and abetted by others, willfully caused bodily injury to any person or, through the use of a firearm or a dangerous weapon, attempted to cause bodily injury to any person;

*Second.*     That the defendant acted because of the actual or perceived sexual orientation of any person; and

*Third.*     That the defendant, aided and abetted by others, used a channel, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.[3]

To prove the offense alleged in Count FIFTEEN of the Indictment, charging a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, that is, Using, Carrying, and Brandishing a Firearm During and In Relation to, and Possessing and Brandishing a

---

18 U.S.C § 1201(a)(1); Fifth Circuit Pattern Jury Instruction 2.54 (5th Cir. 2015) (modified). The elements of Carjacking are:

| | |
|---|---|
| *First.* | That the defendant intended to cause serious bodily harm or death; |
| *Second.* | That the defendant took a motor vehicle from the person or presence of another; |
| *Third.* | That the defendant took a motor vehicle by force and violence or by intimidation; and |
| *Fourth.* | That the motor vehicle had been transported, shipped, or received in interstate or foreign commerce. |

18 U.S.C. § 2119; Fifth Circuit Pattern Jury Instruction 2.81 (5th Cir. 2015) (modified).
[2] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).
[3] 18 U.S.C. § 249(a)(2); 18 U.S.C. § 2.

Firearm in Furtherance of, a Crime of Violence, the government must prove each of the following elements beyond a reasonable doubt:

*First.*    That the defendant committed the crime alleged in Count 13 that is, a violation of 18 U.S.C § 2119, which is a crime of violence; and

*Second.*   That the defendant, aided and abetted by others, brandished a firearm during and in relation to the defendant's commission of the crime of violence charged in Count 13.[4]

## STIPULATED FACTS

1. Daniel Jenkins, the defendant, admits and agrees that, beginning in December 2017, within the Northern District of Texas and elsewhere within the jurisdiction of this Court, he agreed with Michael Atkinson, Pablo Ceniceros-Deleon, Daryl Henry, and others known and unknown to the government, to use instrumentalities of interstate commerce, specifically, a cellular telephone, the internet, and Grindr, a cellular telephone application ("app"), to lure, kidnap, assault, and rob gay men in Dallas, Texas because of the actual and perceived sexual orientation of the victims. Defendant Jenkins, aided and abetted by others, including others known and unknown to the government, used the Grindr app to lure gay men to a location in Dallas, where members of the conspiracy kidnapped, carjacked, assaulted, and robbed the victims.

2. Beginning in or around December of 2017, defendant Jenkins and Pablo Ceniceros-Deleon, aided and abetted by each other, created user profiles on Grindr, an app that

---

[4] Fifth Circuit Pattern Jury Instruction 2.44 (5th Cir. 2015).

defendant Jenkins understood was a cellular phone application used by gay men to set up dates.

3. In or around December 2017, defendant Jenkins, Pablo Ceniceros-Deleon, and other members of the conspiracy used the profiles they created on the Grindr app to contact men whom they perceived to be gay, as part of a plan to lure gay men to a location in Dallas, Texas, where members of the conspiracy could rob them.

4. On or about December 6, 2017, defendant Jenkins and members of the conspiracy used Grindr to lure John Doe 8 to the Solana Ridge Apartments in Dallas, Texas.

5. On or about December 6, 2017, Defendant Jenkins and at least one member of the conspiracy held John Doe 8 at gunpoint inside of an apartment at the Solana Ridge Apartments in Dallas, Texas, and took John Doe 8's cellular phone.

6. On or about December 7, 2017, at least one member of the conspiracy used a Grindr account with John Doe 8's picture to lure John Doe 9 to the Solana Ridge Apartments in Dallas, Texas.

7. On or about December 7, 2017, Jenkins and members of the conspiracy, aided and abetted by each other, pointed a handgun at John Doe 9 and forcibly took John Doe 9's vehicle, a 2015 Nissan Sentra bearing a vehicle identification number (VIN) with the last four digits of 1699, and forced John Doe 9 at gunpoint to drive to local ATMs to withdraw cash from John Doe 9's account.  John Doe 9's vehicle had been transported, shipped, or received in interstate commerce.

8. On or around December 11, 2017, defendant Jenkins and members of the conspiracy met in the area of the Solana Ridge Apartments, in Dallas, Texas, and agreed to use

Grindr and used Grindr to lure gay men to a vacant apartment unit at the Solana Ridge Apartments, and further agreed to hold the victims inside the vacant apartment at gunpoint while members of the conspiracy, including Pablo Ceniceros-Deleon and Michael Atkinson, traveled to local ATMs to withdraw cash from the victims' accounts.

9. On or about December 11, 2017, defendant Jenkins and members of the conspiracy met victims, including John Doe 6, at their vehicles and invited victims inside of the vacant apartment.

10. On or about December 11, 2017, defendant Jenkins and members of the conspiracy, aided and abetted by each other, pointed a handgun at victims, including John Doe 6, forced victims to the ground, and assaulted victims while taking their personal property, including cellular phones, ATM cards, and car keys.

11. On or about December 11, 2017, defendant Jenkins and members of the conspiracy, aided and abetted by each other, forced victims into a bedroom and/or closet and ordered them at gunpoint to stay in the bedroom and/or closet.

12. On or about December 11, 2017, defendant Jenkins and members of the conspiracy, aided and abetted by each other, caused physical injury to at least one victim who had been lured to the vacant apartment using Grindr.

13. On December 11, 2017, defendant Jenkins knew that members of the conspiracy used gay slurs and taunted the victims.

14. On or about December 11, 2017, defendant Jenkins knew that a member of the conspiracy wiped human feces on at least two victims.

15. On or about December 11, 2017, defendant Jenkins knew that at least one member of the conspiracy used an object in an attempt to sexually assault one victim.

16. On or about December 11, 2017, defendant Jenkins and members of the conspiracy, aided and abetted by each other, pointed a handgun at John Doe 4, forcibly took car keys from John Doe 4, and used the keys to take away from John Doe 4's presence a 2017 Nissan Altima bearing vehicle identification number (VIN) with the last four digits of 6642. John Doe 4's vehicle had been transported, shipped, or received in interstate commerce.

17. On or about December 11, 2017, defendant Jenkins and members of the conspiracy took victims' driver's licenses and threatened to come find the victims if the victims reported the attacks to the police.

18. The defendant agrees that he committed all the essential elements of the offenses set forth in Counts One, Five, and Fifteen of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One, Five, and Fifteen of the Indictment.

AGREED TO AND STIPULATED on this 10 day of Feb , 2021.

ERIN NEALY COX
UNITED STATES ATTORNEY

DANIEL JENKINS
Defendant

for

ROSE E. GIBSON
KATHRYN E. GILBERT
United States Department of Justice
Civil Rights Division, Criminal Section
Telephone: 202-616-4571
Email: rose.gibson@usdoj.gov

HEATH HYDE
Attorney for Defendant

NICOLE DANA
Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8694
Facsimile: 214-659-8805
Email: nicole.dana@usdoj.gov